IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-27-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| CHRISTOPHER S. RITTER, | |
| Defendant. | |

## I. Synopsis

Defendant Christopher S. Ritter (Ritter) has been accused of violating the conditions of his supervised release. Ritter admitted the alleged violations. Ritter's supervised release should be revoked. Ritter should be placed in custody for 12 months and 1 day, with no supervised release to follow.

## II. Status

Ritter pleaded guilty on May 22, 2012, to Possession with Intent to Distribute Methamphetamine (Count 2), and Receipt of Unregistered Firearms (Count 5). (Doc. 52). The Court sentenced Ritter to 70 months of custody on each count with the terms of custody to run concurrently. (Doc. 89). The Court also sentenced Ritter to 4 years of supervised release on Count 2 and 3 years of supervised release on Count 5, with the terms of supervised release to run

concurrently. *Id.* Ritter's current term of supervised release began on July 22, 2016. (Doc. 192 at 1).

### Petition

The United States Probation Office filed a Petition on October 30, 2018, requesting that the Court revoke Ritter's supervised release. (Doc. 192). The Petition alleges that Ritter violated the conditions of his supervised release: 1) by failing to notify his probation officer of a change in employment; and 2) by failing to successfully complete his programming at the Great Falls Pre-Release Center. (Doc. 192 at 2-3). United States District Judge Brian Morris issued a warrant for Ritter's arrest on October 1, 2018. (Doc. 193).

### Initial appearance

Ritter appeared before the undersigned for his initial appearance on November 7, 2018. (Doc. 195). Ritter was represented by counsel. Ritter stated that he had read the petition and that he understood the allegations. Ritter waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on November 7, 2018. Ritter admitted that he had violated the conditions of his supervised release: 1) by failing

to notify his probation officer of a change in employment; and 2) by failing to successfully complete his programming at the Great Falls Pre-Release Center. The violations are serious and warrant revocation of Ritter's supervised release.

Ritter's violation is a Grade C violation. Ritter's criminal history category is I. Ritter's underlying offenses are Class B and Class C felonies. Ritter could be incarcerated for up to 36 months on Count 2 and 24 months on Count 5. Ritter could be ordered to remain on supervised release for up to 60 months on Count 2 and 36 months on Count 5, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

Ritter requested a term of custody of 12 months and 1 day. The government requested a term of custody of 12 to 18 months.

### III. Analysis

Ritter's supervised release should be revoked. Ritter should be incarcerated for 12 months and 1 day, with no supervised release to follow.

### IV. Conclusion

The Court informed Ritter that the above sentence would be recommended to Judge Morris. The Court also informed Ritter of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Ritter that Judge Morris would consider a timely objection before

making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Christopher S. Ritter has violated the conditions of his supervised release by failing to notify his probation officer of a change in employment and by failing to successfully complete his programming at the Great Falls Pre-Release Center.

The Court **RECOMMENDS:**

> The District Court should revoke Ritter's supervised release and commit Ritter to the custody of the United States Bureau of Prisons for a term of imprisonment of 12 months and 1 day, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the

right to appear and allocute before a district judge.

DATED this 7th day of November, 2018.

*John Johnston*
United States Magistrate Judge